UNITED STATES DISTRICT OF COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER NEGRON and <br> CRYSTAL NEGRON, <br><br> Plaintiffs, <br><br> v. <br><br> USAA CASUALTY INSURANCE <br> COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No.: 3:13-01020 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION AND ORDER

In this insurance coverage dispute that was recently transferred to the undersigned, Defendant USAA Casualty Insurance Company ("USAA") has filed a "Motion to Dismiss Plaintiffs' Bad Faith Claim." (Docket No. 26). Plaintiffs Christopher and Crystal Negron have filed a response in opposition to the Motion (Docket No. 28) to which Defendant has replied (Docket No. 31). For the following reasons, USAA's Motion to Dismiss will be granted, but Plaintiffs will be provided an opportunity to amend their Complaint.

## I.

According to the allegations in the Amended Complaint, which the Court accepts as true for present purposes, Plaintiffs own property located at 1041 Waterford Circle in Clarksville, Tennessee that is insured under a policy issued by USAA. The policy provides dwelling coverage in the amount of $118,000.00, and insures against a number of risks, including sinkholes.

On January 1, 2012, while the policy was in full force and effect, the property was damaged as a result of sinkhole activity. In accordance with the terms of the policy, Plaintiffs provided

1

USAA with a notice of a loss. In response, USAA "sent a professional engineer, Rimkus Consulting Group, Inc. ('Rimkus'), to Plaintiffs' Property who confirmed that there was damage to the home, but stated that was caused by perils excluded under the policy and not by sinkhole activity." (Docket No. 22, Amended Complaint ¶ 12).

In a letter dated July 18, 2012, USAA informed Plaintiffs that Rimkus had determined the sinkhole activity was not the cause of a covered loss, and denied the claim. Thereafter, on June 6, 2013, counsel for Plaintiffs sent a letter to USAA demanding full payment, otherwise Plaintiffs would "seek a bad faith penalty for the handling of [the] claim." (Id. ¶ 14). A little over a week later, USAA confirmed denial of Plaintiffs' claim. Plaintiffs then filed suit in the Circuit Court of Montgomery County, Tennessee.

After the case was removed to this Court, Plaintiff filed an Amended Complaint alleging breach of contract and bad faith. With regard to the bad faith count, Plaintiffs incorporate the general factual background just referenced and further allege:

> 27. Defendant's failure and refusal to pay is not in good faith, and such failure to pay has inflicted expense, loss, and injury upon Plaintiffs. Accordingly, Plaintiffs are entitled to recover, in addition to the amount of the insured loss and interest thereon, an amount equal to twenty-five percent (25%) of the liability for the loss, pursuant to Tenn. Code Ann. § 56-7-105.
>
> 28. The acts and/or omissions of Defendant constitute bad faith with respect to the exercise of its duties and obligations to the Plaintiffs, including, but not limited to:
>
>> (A) Defendant failed to exercise the skill, care and knowledge required of a licensed insurance carrier with respect to the investigation and handling of insurance claims;
>>
>> (B) Defendant failed to investigate the Plaintiffs' claims in a prompt and thorough manner; and,
>>
>> (C) Defendant intentionally ignored requests to pay the claim of insurance policy coverage for the Plaintiffs' claims.

2

> 29. Defendant has exhibited a pattern of conduct with regard to its claims handling practices, which has resulted in repeated misconduct amounting to intentional or reckless bad faith toward its insureds. A history of court determinations and complaints of bad faith conduct on the part of Defendant has put Defendant on notice that its claims handling practices have resulted in repeated incidents of bad faith. In spite of such notice, Defendant has intentionally or recklessly or carelessly failed to correct its corporate policies or otherwise train its personnel in such a manner as to reduce or eliminate this misconduct.

(Id. ¶¶ 27-29).

## II.

The Tennessee Code provides a remedy for bad faith refusal to pay an insurance claim by providing:

> The insurance companies of this state ... in all cases where a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy ... on which the loss occurred, shall be liable to pay the holder of the policy ... in addition to the loss and interest thereon, a sum not exceeding twenty five percent (25%) on the liability of the loss; provided, that it is made to appear to the court or jury trying the case that the refusal to pay the loss was not in good faith, and that such failure to pay inflicted additional expense, loss or injury including attorney fees upon the holder of the policy.

Tenn. Code Ann. § 56-7-105. To recover under the statute, a plaintiff must prove that "(1) the policy of insurance must, by its terms, have become due and payable, (2) a formal demand for payment must have been made, (3) the insured must have waited 60 days after making his demand before filing suit (unless there was a refusal to pay prior to the expiration of the 60 days), and (4) the refusal to pay must not have been in good faith." Stonebridge Life Ins. Co. v. Horne 2012 WL 5870386, at *10 (Tenn. Ct. App. Nov. 21, 2012) (quoting Palmer v. Nationwide Mut. Fire Ins. Co., 723 S.W.2d 124, 126 (Tenn. Ct. App. 1986)).

Of course, the Court's present concern is not with whether Plaintiffs can prevail on their bad faith claim, but whether they have adequately pled such a claim. The Court finds that Plaintiffs' bad

3

faith claim does not meet the pleading requirements set forth by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 540 U.S. at 570). As further explained in Twombly,

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level . . .

Twombly, 550 U.S. at 555. "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Here, paragraph 27 of the Amended Complaint, which simply alleges that Defendants did not act in good faith and, as a consequence, Plaintiffs are entitled to recover penalties, is nothing but a "defendant-unlawfully-harmed me conclusion." The allegations in paragraph 28 that Defendant failed to exercise the requisite care, failed to investigate, and ignored requests to pay are at best conclusory and, in any event, are little more "than a formulaic recitation of the elements" of a bad faith claim. Paragraph 30, alleging a pattern and history of bad faith, is also conclusory. All three paragraphs are bereft of supporting facts, and "'naked assertion[s]' devoid of 'further factual

4

enhancement,'" does not suffice for purposes of Rule 8. Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

The factual allegations that are incorporated by reference also do not support a bad faith claim. Only one such fact – that USAA relied upon Rimkus' report – even touches upon potential bad faith, but that allegation does not make the claim plausible because the assertion is that USAA actually undertook an investigation. See, Fred Simmons Trucking, Inc. v. U. S. Fidelity & Guar. Co., 2004 WL 2709262, at *5 (Tenn. Ct. App. Nov. 29, 2004) ("Bad faith has been defined as the failure of the insurance company to deal in good faith, and to be diligent in its investigation"); Taylor v. Standard Ins. Co. 2009 WL 113457, at *5-6 (W.D. Tenn. Jan. 13, 2009) (dismissal of bad faith claim appropriate where allegations showed "the existence of competing, meritorious claims" and that refusal to pay "rest[ed] on legitimate legal grounds, which is good faith"); Kizer v. Progressive Cas. Ins. Co., 2008 WL2048274 at *5 (M.D. Tenn. May 12, 2008) (a refusal to pay is in good faith if the refusal to pay "rests on legitimate and substantial legal grounds"). While Plaintiffs argue in their response brief that Rimkus is a "regularly retained geotechnical engineering firm," and that they were so "[c]oncerned with the selection of Rimkus and the propriety of USAA's investigation" that they "retained an independent geotechnical engineering firm to review this matter," (Docket No. 28 at 1-2), those assertions appear nowhere in the Complaint.[*]

### III.

"'When a motion to dismiss a complaint is granted, courts typically permit the losing party leave to amend.'" Brown v. Matauszak, 415 F. App'x 608, 614 (6th Cir. 2011) (quoting PR

---

[*] In making this observation, the Court is not stating that bad faith exists merely because USAA has utilized Rinkus' services in the past or that merely making this allegation suffices to adequately plead a bad faith claim.

Diamonds, Inc., v. Chandler, 364 F.3d 671, 698 (6th Cir. 2004)). "Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading only with the opposing party's consent or the court's leave, but '[t]he court should freely give leave when justice so requires.'" Id.

Here, the Motion to Dismiss has been pending for some time and discovery has progressed, but those factors cannot be attributed to any dilatory tactics by Plaintiffs. Further, while Plaintiffs have not formally moved to amend their complaint, they argue that they should be allowed leave to amend.

Accordingly, USAA's "Motion to Dismiss Plaintiffs' Bad Faith Claim" (Docket No. 26) is hereby GRANTED. Plaintiffs are hereby afforded twenty-one (21) days within which to amend their complaint to state a viable bad faith claim.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE